PIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ronald Bloodworth, | Case No. 3:11 CV 968 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Keith Smith, et al., | |
| Defendants. | |

*Pro se* Plaintiff Ronald Bloodworth filed this action under 42 U.S.C. §1983 against Toledo Correctional Institution ("TCI") Warden Keith Smith, and TCI Institutional Inspector Tara Pinski. Plaintiff alleges Defendants denied him unlimited credit to photocopy legal materials. He seeks injunctive relief.

### BACKGROUND

In December 2010, Plaintiff filed a 103-page complaint in the U.S. District Court for the Southern District of Ohio against twenty-one named Defendants, and fifty-one John Doe Defendants. *See Bloodworth v. Timmerman-Cooper*, No. 2:10 CV 1122 (S.D. Ohio) (Marbley, J.). Plaintiff was ordered by that Court to submit a copy of the Complaint, a summons, and a Marshal service form for each Defendant. He supplied Complaints and forms to the Clerk's office for service on ten of the Defendants. Plaintiff gave the Complaint to his Unit Manager and asked him to make fifteen additional photocopies of the pleading. He returned to the Unit Manager's office two days later to retrieve the copies and discovered his request had been refused. Plaintiff was informed his prison

trust account was overdrawn and he would not be extended additional credit to make that large number of photocopies. Plaintiff wrote to Smith explaining his dilemma. Smith indicated Plaintiff was provided with an indigent legal kit, and if he required additional photocopies, he would have to pay for them.

Plaintiff lists, in addition to Case No. 2:10 CV 1122, nineteen cases he initiated in state and federal court since October 2010. Two of those cases were filed in the U.S. District Court for the Southern District of Ohio, and seventeen cases were filed in the Ohio Court of Claims. Five cases were filed on November 17, 2010, in the same court. Plaintiff filed eleven cases in December 2010. Six of those cases were filed in the same court on the same day, December 8, 2010, and another four cases followed within one week. He filed three more cases within three days in January 2011. Seventeen cases are still pending. In response, the State of Ohio filed an action in the Franklin County Court of Common Pleas on January 6, 2011 seeking to have Plaintiff declared a vexatious litigator pursuant to Ohio Revised Code § 2323.52.

Here, Plaintiff asserts only one cause of action. He claims Defendants denied him equal protection by treating him differently than inmates who have sufficient funds in their prison trust accounts and can afford to pay for photocopies. He seeks an Order from this Court requiring Defendants to extend credit to him for photocopying expenses associated with his pending legal cases.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

In making an equal protection challenge, Plaintiff bears the initial burden of demonstrating a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To support this claim, Plaintiff alleges he was treated differently than inmates who have funds in their accounts to pay for photocopies. This statement fails to set forth an equal protection claim because Plaintiff is not similarly situated to those inmates with funds to pay for copies. He does not allege other inmates were permitted to incur a negative balance while he was not given this accommodation. He is not seeking to be treated in the same manner as inmates who have sufficient funds in their accounts to pay for photocopies. Instead, he requests the ability to make the purchase on credit. He has not met his burden of demonstrating discriminatory treatment.

Moreover, even if Plaintiff demonstrated disparate treatment, he fails to state a claim for denial of equal protection. Merely treating two groups differently does not violate the Equal Protection Clause. *Rawls v. Sundquist*, 1997 WL 211289, at *1 (6th Cir. 1997). The Constitution does not require absolutely equal treatment of all similarly situated persons, or the absolutely equal division of governmental benefits. *Ross v. Moffitt*, 417 U.S. 600, 612 (1974). In the absence of a deprivation of a fundamental right or deprivation based on a suspect classification, equal protection requires differing governmental treatment of groups or individuals to be based on no more than a rational relationship to a legitimate state purpose. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Indigent prisoners are not a suspect class. Therefore, this Court must determine whether Plaintiff was deprived of a fundamental right. A fundamental right is one that is explicitly or

implicitly guaranteed by the Constitution. *San Antonio Independent Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33 (1973). Although the right to access to the courts under the First Amendment is a fundamental right, it does not mandate prisons to provide unlimited access to photocopies in whatever amount a prisoner requests. *See Bell Bey v. Toombs*, 1994 WL 105900, at *2 (6th Cir. 1994). Because Plaintiff's claim for unlimited photocopying services is not explicitly or implicitly guaranteed by the Constitution, it is not a fundamental right. Therefore, the prison's policy need only bear a rational relationship to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440. That is, only if the court can find no set of facts which could possibly support the distinction drawn by the government will it overturn state action. *McGowan v. Maryland*, 366 U.S. 420, 426 (1961).

Plaintiff's request for fifteen photocopies of the 103-page document would require the prison to bear the cost of copying 1,545 pages. He has an additional sixteen pending cases that required or will require photocopies. The prison's decision to limit the copying expenses it will incur to support Plaintiff's litigation activities is rationally related to the legitimate state interest of managing prison expenses, and rationing limited staff resources. The policy does not deny Plaintiff equal protection.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 8, 2011

4